UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

CIVIL ACTION NO. 06-64-DLB

DAVID D. TACKETT                                                                                    PLAINTIFF

vs.                              **MEMORANDUM OPINION & ORDER**

JO ANNE B. BARNHART, Commissioner
SOCIAL SECURITY ADMINISTRATION                                                      DEFENDANT

******************

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security. The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence.

### I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff David D. Tackett filed applications for a period of disability, disability insurance benefits (DIB), and supplemental security income (SSI) payments on June 18, 2002. His applications were denied initially and upon reconsideration. Plaintiff requested a hearing before an administrative law judge (ALJ), which was held on April 15, 2003, in Prestonsburg, Kentucky. On July 25, 2003, ALJ Richard Swartz issued a denial decision, finding that Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for further review, therefore, the ALJ's decision stands as the final decision of the Commissioner on Plaintiff's claims.

1

Plaintiff, who was 52 years old at the time of the hearing, has a high school education and alleges an inability to work beginning on May 31, 2002, due to pain in his lower back, arms, and legs; diabetes; heart problems; high blood pressure; arthritis in his hands; and nerve problems, including anxiety and depression.  At the hearing before the ALJ, Plaintiff also indicated that the pain in his back radiates down his legs, and he has problems with his right shoulder and hand, an irregular heartbeat/heart palpitations, blood clots, and headaches.

Having exhausted his administrative remedies, Plaintiff filed the instant suit on March 16, 2006.  The matter has culminated in cross motions for summary judgment, which are now ripe for the Court's review.

## II.  DISCUSSION

### A.    Overview of the Process

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Cutlip v. Sec'y of Health & Human Servs.,* 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*  Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations.  *See id.*  Rather, we are to affirm the Commissioner's decision, provided it is supported by substantial evidence, even if we might have decided the case differently.  *See Her v. Comm'r of Social Security,* 203 F.3d 388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis. Step 1 considers whether the claimant is still performing substantial gainful activity; Step 2, whether any of the claimant's impairments are "severe"; Step 3, whether the impairments meet or equal a listing in the Listing of Impairments; Step 4, whether the claimant can still perform his past relevant work; and Step 5, whether significant numbers of other jobs exist in the national economy which the claimant can perform. As to the last step, the burden of proof shifts from the claimant to the Commissioner. *See Jones v. Comm'r of Social Security,* 336 F.3d 469, 474 (6th Cir. 2003); *Preslar v. Sec'y of Health & Human Servs.,* 14 F.3d 1107, 1110 (6th Cir. 1994).

**B.    The ALJ's Determination**

At Step 1, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date. (Tr. 18). At Steps 2 and 3, the ALJ found that Plaintiff's back disorder, diabetes mellitus, and organic mental disorder constitute severe impairments, but that Plaintiff does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4. (Tr. 19-20). At Step 4, the ALJ found that Plaintiff possessed the residual functional capacity (RFC) to perform a full range of light work. (Tr. 20)

Based upon that finding, the ALJ concluded that Plaintiff is unable to perform his past relevant work as a maintenance worker/laborer. (Tr. 21). At Step 5, however, the ALJ found that there are a significant number of jobs Plaintiff can perform despite his limitations, including greenhouse nursery worker, cleaner, laundry worker, machine operator, and security monitor. (Tr. 21-22). This conclusion resulted from testimony by a vocational

expert ("VE"), in response to a hypothetical question assuming an individual of Plaintiff's age, education, past relevant work experience, and RFC.

**C.    Analysis**

In this appeal, Plaintiff's sole contention of error is that the ALJ failed to consider a "third-party function report" completed by his friend of eight years, Kathy Lafferty, in violation of 20 C.F.R. § 404.1513(d)(4). Although the record contains four other such reports, Plaintiff claims that Lafferty's "best serves to corroborate the extent of [his] disability.[1]   In his motion, Plaintiff candidly concedes that this very argument was considered and rejected by the Western District of Tennessee in *Dunlap v. Barnhart*, No. 03-2514, 2004 WL 784837 at *10 (W.D. Tenn. Mar. 15, 2004). He contends, however, that the court in that case did not specifically address the effect of the 2000 amendments to the regulation.[2]

In response, the Commissioner acknowledges that the ALJ did not specifically address the statements of Kathy Lafferty in his written decision.  She argues, however, that an ALJ does not have to discuss every piece of evidence in the record; in fact, the

---

[1]Specifically, Ms. Lafferty stated that Plaintiff can lift only six pounds, and his back pain affects his ability to squat, bend, stand, reach, walk, kneel, sit, and climb stairs. (Tr. 157).

[2]In support, he cites to the following language in the Federal Register:

> We are redesignating prior paragraph (e) of those sections, "Information from other sources," as paragraph (d). Our intent in switching the positions of these two paragraphs is to make it clearer that, when we decide whether the evidence in a case is complete enough for a determination, we consider all the evidence in the case record, including the medical evidence from acceptable medical sources identified in paragraph (a), information from the individual, and any evidence that may have been provided by other sources, such as those identified in final paragraph (d).

65 FR 34950-01, at *34952.

4

Sixth Circuit held that the Appeals Council did not err by failing to "spell out" in its opinion the weight it attached to lay witness testimony where it stated that it "considered the entire record which was before the administrative law judge, including the testimony at the hearing" in *Higgs v. Bowen*, 880 F.2d 860, 864 (6th Cir. 1988). In addition, the Commissioner notes that while an ALJ may use evidence from non-medical sources, such as relatives, friends, etc., the regulation does not impose an affirmative duty upon an ALJ to expressly consider and weigh this type of evidence in making his ultimate determination of disability. *See* 20 C.F.R. §§ 404.1513(d), 416.913(d). Finally, the Commissioner notes that the Sixth Circuit has held that "[p]erceptible weight must be given to lay testimony where...it is fully supported by the reports of the treating physicians." *Lashley v. Sec'y of Health and Human Servs.*, 708 F.2d 1048, 1054 (6th Cir. 1983). In this case, no physician - treating or otherwise - assessed the degree of limitation alleged by Lafferty. (Tr. 157). In fact, Plaintiff's treating physician Dr. Charles Arnett reported that Plaintiff retained the residual functional capacity for light level work (Tr. 319-21), and two state agency physicians concluded that Plaintiff retained the residual functional capacity for medium level work (Tr. 322-29, 428-429, 444-51). For all these reasons, the Commissioner argues that the ALJ's decision is supported by substantial evidence.

In *Dunlap*, the claimant argued that the ALJ failed to take into consideration the lay witness testimony of two non-medical sources, in violation of 20 C.F.R. § 404.1513(e)(2).[3]

---

[3]As previously noted, *see infra* note 2, the 2000 amendments switched paragraphs (d) and (e) of 20 C.F.R. § 404.1513. As a result, section 404.1513(e)(2) ("Information from non-medical sources"), which was at issue in *Dunlap*, was not amended substantively, but was merely re-designated section 404.1513(d)(4). Because Plaintiff's argument on appeal also implicates section 404.1513(d)(4), the Court finds the reasoning in *Dunlap* instructive.

She argued that the ALJ's written decision did not specifically indicate whether he considered the testimony and statements of her daughter-in-law and her friend. The court began by citing *Lashley v. Sec'y of Health & Human Servs.,* 708 F.2d 1048, 1054 (6th Cir. 1983), where (as explained above) the Sixth Circuit held that "[p]erceptible weight must be given to lay testimony where ... it is fully supported by the reports of the treating physicians." *Dunlap*, 2004 WL 784837 at *10. The court noted, however, while the testimony and statements of lay witnesses must be considered, an ALJ does not have to discuss every piece of evidence presented as long as the record is developed fully and fairly. *Id.* citing *Higgs v. Bowen,* 880 F.2d 860, 864 (6th Cir. 1988). With this framework in mind, the court concluded that, even though the ALJ did not specifically address the written statements of the claimant's daughter-in-law and friend in his written decision, he did specifically indicate that he carefully considered "all the evidence, including documents identified in the record as exhibits, testimony at the hearing, and any arguments presented." *Dunlap*, 2004 WL 784837 at *10. According to the court, the ALJ did not err in that regard.[4]

Aside from *Dunlap*, the Court also finds that the language of 20 C.F.R. § 404.1513(d)(4) belies Plaintiff's argument that the ALJ was not only required to consider, but also discuss Ms. Lafferty's report in the body of his written decision. That regulation provides, in pertinent part:

---

[4]Similarly, the ALJ in this case stated, "[u]pon reviewing all of the evidence of record, [he] concludes that the claimant is not disabled within the meaning of the Social Security Act." (Tr. 17). Plaintiff argues that this "standard conclusory language ... is insufficient to comply with 20 CFR § 404.1513(d)(4)." (Doc. #8, p.8 n.4). However, as explained more fully below, the language of 20 C.F.R. § 404.1513(d)(4) does not impose any requirements on an ALJ, nor does an ALJ have to discuss every piece of evidence presented.

> In addition to evidence from the acceptable medical sources listed in paragraph (a) of this section, *we may also use evidence* from other sources to show the severity of your impairment(s) and how it affects your ability to work. Other sources include, but are not limited to ...
>
> (4) Other non-medical sources (for example, spouses, parents and other caregivers, siblings, other relatives, friends, neighbors, and clergy).

20 C.F.R. § 404.1513(d) (emphasis added). As noted by the Commissioner, the plain language of the regulation permits, but does not require, an ALJ to consider third-party reports in determining the severity of a claimant's impairment(s), and how it affects his ability to work.

Finally, and perhaps most importantly, the Court notes that consistent with *Lashley*, the ALJ was not required to afford any weight to Ms. Lafferty's opinion because it was not "fully supported by the reports of [any] treating physicians." *Lashley*, 708 F.2d 1048, 154. Rather, Plaintiff's treating physician, Dr. Charles Arnett, restricted him to light level work, an opinion that the ALJ ultimately adopted. For all these reasons, the Court concludes that Plaintiff's sole error on appeal is without merit.

### III.  CONCLUSION

Accordingly, for the reasons stated,

**IT IS ORDERED** that the decision of the Commissioner is found to be supported by substantial evidence and is hereby **AFFIRMED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. #8) is hereby **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (Doc. #11) is hereby **GRANTED.**

A Judgment in favor of Defendant Commissioner will be entered contemporaneously herewith.

Dated this 16th day of August, 2006.



Signed By:
David L. Bunning
United States District Judge

G:\DATA\SocialSecurity\MOOs\7-06-64-TackettMoo.wpd